UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CLARENCE GORDON,<br><br>     Plaintiff,<br><br>v.<br><br>RADIUS GLOBAL SOLUTIONS, LLC,<br><br>     Defendant. | Case No. 23-13147<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS [16]**

Clarence Gordon claims that Radius Global Solutions, LLC, a debt collection company, impermissibly obtained or accessed his credit report in violation of the Fair Credit Reporting Act. (ECF No. 15, PageID.51–52); 15 U.S.C. § 1681b. RGS moves to dismiss Gordon's amended complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16.) It asserts that it is a debt collector, that the FCRA permits debt collectors to access an individual's credit report when collecting on a debt, and thus that Gordon fails to adequately allege an impermissible purpose claim under § 1681b.

But simply being a debt collector does not mean RGS had a permissible purpose to access Gordon's credit report. Because RGS has not satisfied its burden even on its unopposed motion to dismiss and because dismissal of Gordon's amended complaint would be premature, the Court will deny RGS' motion.

I.

A. Factual and Procedural Background

In deciding a motion to dismiss under Rule 12(b)(6), the Court "construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Gordon asserts that, upon reviewing his credit report from TransUnion in September 2023, he discovered that RGS had obtained his consumer report on August 28, 2023. (ECF No. 15, PageID.51.) He was "confused" because he "had no account" with RGS (*id.*), so he sent RGS a "Notice of Intent to Sue" requesting "proof there was an 'account' for [RGS] to review giving [RGS] a permissible purpose to obtain [Gordon's] consumer report" (*id.* at PageID.52). RGS "never provided proof" and Gordon "has never received any documentation, evidence, nor court order from [RGS] that will create a belief that [it] had a permissible purpose to obtain his consumer report." (*Id.*)

So Gordon filed suit in December 2023. The Court granted his application to proceed without prepaying costs and fees. (ECF No. 6.) When RGS moved to dismiss Gordon's complaint for failure to state a claim (ECF No. 11), the Court granted Gordon the opportunity to file an amended complaint (ECF No. 13), which he did

2

(ECF No. 15). RGS then moved to dismiss Gordon's amended complaint. (ECF No. 16.) Gordon did not file a response.[1]

## B. Legal Standard

In the absence of a response by Gordon, RGS' motion is unopposed. *See* E.D. Mich. LR. 7.1(c)(1). What that means in this Circuit is not entirely clear. Some cases suggest an unopposed motion to dismiss can be granted because the plaintiff has abandoned any potential arguments. *See, e.g.*, *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of the defendants' unopposed motion to dismiss and reasoning that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *see also*

---

[1] The Court notes that Gordon may have failed to respond due to confusion. When RGS filed its initial motion to dismiss, the Court directed Gordon to either file an amended complaint or respond to RGS's motion. (ECF No. 13, PageID.44.) So after Gordon amended his complaint and RGS filed a new motion to dismiss, Gordon may not have known whether to await a court order to respond. That said, the Court cautions Gordon that, although he is not represented by counsel, he is still expected to know and adhere to the rules of procedure that govern litigation in this Court, including response deadlines. *See Matthews v. Copeland*, 286 F. Supp. 3d 912, 915 (M.D. Tenn. 2017) (citing *Fields v. County of Lapeer*, No. 99-2191, 238 F.3d 420, 2000 WL 1720727, at *2 (6th Cir. 2000) (unpublished table decision)). He is encouraged to review the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Michigan (available on the Court's website at www.mied.uscourts.gov), the practice guidelines of any judges assigned to this matter (also on the Court's website), and any Orders issued in this case.

3

*Bazinski v. JPMorgan Chase Bank, N.A.*, No. 13-14337, 2014 WL 1405253, at *2 (E.D. Mich. Apr. 11, 2014) (citing cases) ("Claims left to stand undefended against a motion to dismiss are deemed abandoned."). But the Sixth Circuit has also suggested that a district court cannot grant a motion to dismiss for failure to state a claim on the sole ground that a plaintiff has failed to respond pursuant to a local rule. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

Thus, for good measure the Court has reviewed the merits of RGS' motion to dismiss to determine whether the debt collector has satisfied its burden. And because Gordon proceeds *pro se*, the Court is lenient in its reading of the complaint. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of *pro se* litigants to less stringent standards than formal pleadings drafted by lawyers)); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (citations and internal quotation marks omitted)).

Upon review, the Court finds that RGS has not satisfied its burden of showing Gordon failed to plausibly allege an FCRA violation.

## II.

Gordon asserts that RGS obtained his credit report without a permissible purpose in violation of § 1681b of the FCRA. (*See* ECF No. 15 (citing 15 U.S.C. § 1681b).) The first two elements of Gordon's claim are undisputed—that RGS (1)

4

used or obtained (2) his consumer report. (*See id.* at PageID.51; ECF No. 16, PageID.65.) But RGS contends that Gordon fails to plausibly allege the third element of his § 1681b claim: that the company lacked a permissible statutory purpose for obtaining or accessing his credit report. (ECF No. 16, PageID.67); *see Bickley v. Dish Network, LLC*, 751 F.3d 724, 728 (6th Cir. 2014) (stating the elements of a claim for improper use or acquisition of a credit report); *see also McFarland v. Bob Saks Toyota, Inc.*, 466 F. Supp. 2d 855, 867 (E.D. Mich. 2006) ("In addition [to the three elements of an improper acquisition claim], the plaintiff must demonstrate that the defendant acted with the requisite degree of culpability—either negligence or willfulness—in order to impose civil liability under the FCRA." (citing 15 U.S.C. §§ 1681n(a) (willfulness), 1681o(a) (negligence))).

The FCRA permits an entity to obtain a consumer report if it "intends to use the information in connection with a credit transaction . . . involving the . . . collection of an account of the consumer." 15 U.S.C. § 1681b(a)(3)(A); *see id.* § 1681a(b). In other words, a debt collector may obtain a consumer's credit report to collect on an unpaid debt. *See, e.g., Bickley*, 751 F.3d at 733 ("Congress intended to allow access to a consumer report either when that access would benefit a consumer or would facilitate the collection of a pre-existing debt." (quoting *Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 817 (W.D. Ky. 2003))); *Goodby v. Wells Fargo Bank, N.A.*, 599 F. Supp. 2d 934, 940–41 (S.D. Ohio 2008); *Daniel v. Midland Funding, LLC*, No. 15-10956, 2016 WL 4253886, at *4 (E.D. Mich. Aug. 12, 2016).

Relying on this provision, RGS asserts that "[a]s a debt collector, RGS had a permissible purpose to access Plaintiff's credit report." (ECF No. 16, PageID.67.) It cites cases in which "other courts have found RGS, a debt collector, has a permissible purpose to access consumer reports under the FCRA" (*id.* at PageID.69), quoting, for example, the Southern District of New York's conclusion that "the undisputed evidence [was] that Radius Global accessed the credit report in the process of collecting a debt purportedly owed," *Layne-Williams v. Radius Glob. Sols., LLC*, No. 22-340, 2022 WL 17251665, at *2 (S.D.N.Y. Nov. 28, 2022).

But RGS' citations themselves demonstrate that summary judgment was granted not just because RGS is a debt collector but because the record established that RGS obtained the plaintiffs' credit reports "as part of its efforts to collect on a debt." *Id.* at *1; *see id.* at *1–2 (granting summary judgment where evidence showed RGS requested plaintiff's credit report after her outstanding balance with Verizon was referred to RGS for collection); *Arnold v. Northland Grp., Inc.*, No. 18-205, 2019 WL 2419470, at *3–4 (S.D.N.Y. June 10, 2019) (finding no genuine dispute of material fact that plaintiff's debt had been referred to RGS for collection and holding that RGS had permissible purpose to pull plaintiff's credit report).

Indeed, the fact that the cases RGS cites were decided at summary judgment makes clear that it is not entitled to dismissal at the pleadings stage simply because it is a debt collector and debt collection is a permissible statutory purpose. *See Braun v. United Recovery Sys., LP*, 14 F. Supp. 3d 159, 170–71 (S.D.N.Y. 2014) (explaining that dismissal of § 1681b claim is not warranted just because the pleadings show

6

defendant is a debt collector and distinguishing cases granting dismissal where plaintiffs conceded in their complaints that they owed debts); *cf. DeMaestri v. Verifacts Inc.*, No. 11-02430, 2012 U.S. Dist. LEXIS 49861, at *15–16 (D. Colo. Mar. 16, 2012) (concluding that being "in the business of skip-tracing," i.e., providing consumers' location information to creditors and debt collectors, is not itself enough to establish defendant's permissible purpose under § 1681b).

In short, "[t]he mere fact that a party requesting credit information happens to be a debt collector does not mean that the party has a permissible purpose for doing so." *Braun*, 14 F. Supp. 3d at 169. "Of course, for the debt-collection permissible purpose to apply, an outstanding debt must actually exist." *Adams v. Fifth Third Bank*, No. 16-00218, 2017 WL 561336, at *5 (W.D. Ky. Feb. 10, 2017) (citing *Rodgers v. McCullough*, 296 F. Supp. 2d. 895, 900 (W.D. Tenn. 2003)).

Yet RGS does not contend, nor does Gordon plead, that Gordon owes a debt or that it was assigned Gordon's debt for collection. It does not even contend it had or believed it had a permissible purpose to pull Gordon's credit report. It asserts only that it is a debt collector, and that is not enough. Meanwhile, Gordon gives reasons for why he believes RGS violated § 1681b. And at this stage, those reasons are taken as true. Gordon emphasizes that he has "no account" with RGS for it to review[2] (ECF

---

[2] To be sure, the FCRA does not require a consumer to hold an account with an entity for it to be authorized to obtain his credit report. Nor does the FCRA limit "collection of an account" under § 1681b to collection of a debt associated with a *deposit account*, contrary to Gordon's argument (*see* ECF No. 15, PageID.52) and despite the statute's plain language, *compare* 15 U.S.C. § 1681a(r)(4) (citing *id.* § 1693a(2)), *with Sheridan v. Convergent Outsourcing, Inc.*, No. 16-00212, 2016 WL

7

No. 15, PageID.51) and that he alerted RGS of his plan to sue but never received a response explaining its permissible purpose (*id.* at PageID.52).

What the Court is left with, then, is the plausible inference that RGS obtained Gordon's credit report without a permissible purpose. (*See* ECF No. 15, PageID.51–53.) That is sufficient to survive RGS' motion to dismiss. *See, e.g., Durbin*, 466 F. Supp. 3d at 750–51 ("Defendants here are the ones who would be expected to have the documentation underlying their belief they were authorized to access [plaintiff's] credit report, and they should provide it."); *see also id.* at 750 n.7 ("[P]lacing the burden on the plaintiff [to show a permissible statutory purpose under § 1681b] would be unfair, as it would require the plaintiff to plead a negative fact that would generally be peculiarly within the knowledge of the defendant." (quoting *Nayab*, 942 F.3d at 495)).

---

3965102, at *5 (M.D. Tenn. July 25, 2016), *report and recommendation adopted*, No. 16-00212, 2016 WL 4765766 (M.D. Tenn. Sept. 12, 2016).

So Gordon's assertions that he lacks such accounts with RGS are not preclusive of RGS having a permissible purpose. But they are not wholly irrelevant, either; Gordon still limits the universe of possible purposes based on his personal knowledge at the pleadings stage. *See Durbin v. Americredit Fin. Servs.*, 466 F. Supp. 3d 743, 749–50 (W.D. Ky. 2020) (citing *Nayab v. Cap. One Bank USA*, 942 F.3d 480, 495 (9th Cir. 2019)) ("Practically speaking, however, neither Durbin nor any similarly situated plaintiff could know before discovery what documentation led Defendants to conclude they were authorized to pull his credit report. Durbin can only plead what he knows—he never applied for credit from Defendants."); *Nayab*, 942 F.3d at 495 (denying motion to dismiss where plaintiff "put[] forward factual assertions which negative each permissible purpose for which Capital One could have obtained her credit report *and for which [plaintiff] could possibly have personal knowledge*").

8

## III.

Accordingly, the Court concludes that dismissal of Gordon's complaint would be premature and DENIES RGS' motion to dismiss (ECF No. 16).

SO ORDERED.

Dated: October 24, 2024

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE